UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

AMY KIRKLAND                                               CIVIL ACTION ~~11-06~~88
                                                                          10-cv-1392

VERSUS                                                      U.S. DISTRICT JUDGE JAMES

BIG LOTS STORES, INC.                                       U.S. MAGISTRATE JUDGE KIRK

REPORT AND RECOMMENDATION

This is an employment discrimination suit filed by plaintiff, through counsel. Defendant, Big Lots, has filed a motion to dismiss, **doc. #19**, under FRCP 12(b)(6) arguing that plaintiff has failed to state a claim. The unopposed motion has been referred to me by the District Judge for Report and Recommendation.

Plaintiff complains that she began work at Big Lots on September 26, 2008. In June, 2009, Kirkland complained of conduct she believed to be offensive. An investigation began but defendant resigned her employment on June 11, 2009.

In May 2010, Kirkland filed a complaint of retaliation against Big Lots with the EEOC. A Notice of Right to Sue was issued on June 3, 2010. At some point in time, Kirkland filed a second EEOC charge of sex discrimination with the EEOC. That charge is still pending before the EEOC and no Right to Sue has been issued. Both charges are based on the same behavior, specifically that there were rumors of sexual affairs with co-employees and that she and her husband are "swingers"[1].

---

[1] The term "swinger" is generally accepted to mean "partner swapping" where both partners in a relationship agree to engage in sexual activities with other couples.

Plaintiff sued under Title VII and Louisiana law (LSA-R.S. 23:301).

Law and Analysis

In considering a motion to dismiss, the court must assume the truth of factual allegations of the complaint and liberally construe them in favor of the plaintiff.  A motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges plaintiff's right to relief based upon those facts.  Crowe v. Henry, 43 F.3d 198, 203 (5th Cir. 1995).  While a complaint sought to be dismissed under FRCP 12(b)(6) does not need detailed factual allegations, a plaintiff must provide more than conclusions or speculation. A formulaic recitation of the elements of a cause of action will not suffice. In other words, plaintiff must make a showing rather than a blanket assertion of entitlement to relief. Bell Atlantic Corp. v. Twombly, 127 S.Ct.1955 (2007). This court has long held that a Rule 12(b)(6) motion may be granted as to portions of a complaint.  Drewett v. Aetna Cas. & Sur. Co., 405 F.Supp. 877 (W.D. La. 1975).  In accord, *see* Decker v. Massey-Ferguson, Ltd., 681 F.2d 111 (2nd Cir. 1982); Elliott v. State Farm Mut. Auto Ins. Co., 786 F.Supp. 487 (E.D.Pa. 1992). A well pleaded complaint may proceed even if it appears that actual proof of the facts set forth is improbable. Once a claim has been stated adequately, it may be supported by proof of any set of facts consistent with the allegations in the complaint. Bell, supra.

Title VII prohibits an employer from discriminating against an employee with respect to "compensation, terms, conditions or privileges of employment" because of race or religion, among other things. 42 U.S.C. 2000e-2 (a)(1). Where there is no direct evidence of discrimination, the court applies the burden shifting test established by McDonnell Douglas v. Green, 411 U. S. 792 (1973). Under this test, if plaintiff establishes a prima facie case of

discrimination, the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for the adverse action. If defendant satisfies the burden, the burden shifts back to plaintiff who must prove that "the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination. Reeves v. Sanderson Plumbing Prods., 530 U.S. 133, 143 (2000). Plaintiff can establish pretext either directly, by showing that a discriminatory reason motivated defendant, or indirectly, by showing that the reasons given for defendant's actions are simply not believable. Texas Dep't. of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981). In either respect, " the ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." Reeves, supra.

## Plaintiff's claims

Plaintiff, through counsel, has failed to file a brief opposing the defendant's motion to dismiss or to assist the court in its resolution. Therefore, I can only assume that the plaintiff does not disagree with the bases for the motion and consents to its being granted.

1) Sex discrimination.

It is clear that the sex discrimination claim is premature. The EEOC has not issued a right to sue letter and the claim is still under investigation by the LCHR and it has not issued a right to sue letter.

2) Retaliation.

Although plaintiff does not enunciate a retaliation claim in her suit, I will nevertheless address it. In this case the claim was filed 330 days after the conduct alleged. The deadline for filing was 300 days See Windhauser v. Board of Supervisors, 2010 WL 114360 (5th Cir. 2010).

Thus plaintiff's claim was filed 30 days too late and is therefore time barred.

Similarly, under Louisiana law, there is no claim for retaliation. See <u>Glover v. Hester</u>, 2011 WL 1467642 (W.D. La. 2011).

3) Intentional infliction of emotional distress.

The prescriptive period for filing a claim for intentional infliction of emotional distress is one year. LSA-CC 2315. Plaintiff did not file her suit until September 4, 2010, more than one year after the latest date she could claim discrimination, the date of her resignation, June 11, 2010. Her claim is thus prescribed (time barred).

For the foregoing reasons, IT IS RECOMMENDED that defendant's unopposed motion to dismiss, doc. #19, be GRANTED and plaintiff's claims be dismissed with prejudice.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed.  Providing a courtesy copy of the objection tot he magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED**

**FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 18th day of August, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE